Commonwealth *v.* Williams, Appellant.

Argued May 25, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

300

*J. I. Simon,* with him *Barney Phillips,* for appellant. —The trial court erred in refusing to read and affirm defendant's "first" point: Gray v. Com., 101 Pa. 380; Com. v. Puglise, 276 Pa. 235; Com. v. Johnson, 162 Pa. 63; Zell v. Com., 94 Pa. 258; Com. v. Scovern, 292 Pa. 26.

The court erred in refusing to admit evidence that the doctor at the hospital punctured an artery while probing for the bullet: Com. v. Eisenhower, 181 Pa. 470.

*John F. Haggerty,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee, cited: Com. v. Scovern, 292 Pa. 26; Com. v. Eisenhower, 181 Pa. 470.

OPINION BY MR. JUSTICE WALLING, June 27, 1931:

This appeal is by the defendant, Margaret Williams, from sentence on conviction of voluntary manslaughter. Neither of the three errors assigned can be sustained. On the morning of April 30, 1930, the defendant, armed with a loaded revolver, going to the home of the deceased in Pittsburgh, found him seated at or in a window and shot him, the bullet passing through the right thigh and lodging in the left. He was removed to a hospital where he died ten days later from a secondary hemorrhage, caused by infection resulting from the wounds.

Defendant's first request, as follows, "Although it is admitted in this case that the defendant fired the shot that inflicted the wound, it is still necessary that the Commonwealth prove to you beyond any reasonable doubt that this bullet wound was the direct cause of the death of Fred Walker; if such reasonable doubt exists

in your minds, it must resolve itself in favor of the defendant, and there is therefore no foundation for either a murder or manslaughter charge, and the defendant must be acquitted," could not be granted. The words "direct cause of the death," meaning immediate cause of death, are misleading. For example, in the instant case, the immediate cause of death was the secondary hemorrhage, but defendant was none the less responsible as the gunshot wounds she had made caused the infection and secondary hemorrhage, as would an assailant be whose wound pierced the lungs, causing death by pneumonia. Therefore, a defendant cannot escape where his violence produces a condition causing death, although the condition might be the immediate cause. The request is also bad in that the concluding clause, "and there is therefore no foundation for either a murder or manslaughter charge, and the defendant must be acquitted," asks for binding instructions.

At the trial the defendant set up self-defense and the trial judge did not err in commenting to the jury on the fact that when arrested she stated, in effect, to the officers, that she shot the deceased because he laughed at her, and made no suggestion of self-defense. While it is not commendable practice to complain of an excerpt from the charge detached from the context (Commonwealth v. Russogulo, 263 Pa. 93), yet the one here in question, taken by itself, was entirely free from error.

The third and last assignment of error is that "The court erred in refusing to admit evidence that the doctor at the hospital punctured an artery while probing for the bullet." This is fatally defective in that it fails to set out the question or offer of proof, or the ruling complained of, or that an exception was taken thereto, nor does it refer to the page of the record where the ruling complained of appears. Moreover, the ruling of the court sought to be challenged by this assignment was manifestly right. It was as to the rejection of an offer to show something a doctor was supposed to have told

a person as to what another doctor was supposed to have done and was clearly hearsay. In addition, an examination of the record discloses that no exception was taken to the ruling now complained of. There was neither proof nor offer of competent proof that a surgeon in probing for the bullet had started a hemorrhage which was the immediate cause of death, but if he did it would not excuse the defendant who fired the bullet which occasioned the probing. A prisoner cannot escape by showing that death was the result of an accident occurring in an operation which his felonious act made necessary: Com. v. Eisenhower, 181 Pa. 470, 476; Com. v. Scovern, 292 Pa. 26, 33. Where a woman admittedly shoots a man and he dies in ten days, from a secondary hemorrhage resulting from the wounds, it is vain to assert lack of proof of the corpus delicti.

The defendant was fortunate in escaping conviction for a higher degree of homicide.

The judgment is affirmed and the record is ordered remitted that the sentence may be carried out.