Commonwealth *v.* Johnson, Appellant.

Argued September 29, 1971. Before JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Sallie Ann Radick*, Assistant Public Defender, with her *John J. Dean*, Assistant Public Defender, and *George H. Ross*, Public Defender, for appellant.

*Carol Mary Los*, Assistant District Attorney, with her *Robert L. Campbell*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, December 20, 1971:

This is an appeal from a judgment of sentence of ten to twenty years imprisonment entered by the Court of Common Pleas of Allegheny County upon a jury verdict of second degree murder. Appellant's motion

for a new trial was denied by the Court *en banc* and this appeal followed.

On the evening of April 6, 1968, the appellant and four male friends firebombed the home of Mrs. Mary Amplo in Pittsburgh. In the ensuing fire Mrs. Amplo was severely burned. She was hospitalized until her death two months later. No autopsy was performed at the time of death, but five months later, Dr. Cyril Wecht, the Allegheny County Coroner, examined the exhumed remains and testified at appellant's trial that the immediate cause of Mrs. Amplo's death was broncho-pneumonia which, in his opinion, "developed as a result of the extensive burns of the body, and the type of treatment, namely immobilization that was required to treat those burns."

Appellant's sole contention on this appeal is that the Commonwealth failed to prove beyond a reasonable doubt that the firebombing caused the victim's death. We disagree and affirm the judgment of sentence.

It is unchallenged that the Commonwealth must prove that the firebombing was the cause of the victim's death beyond a reasonable doubt. *Commonwealth v. Embry,* 441 Pa. 183, 272 A. 2d 178 (1971) ; *Commonwealth v. Radford,* 428 Pa. 279, 281, 236 A. 2d 802 (1968). The action of the defendant must constitute a direct and substantial factor in causing the death of the victim and a showing of probability is insufficient. *Commonwealth v. Root,* 403 Pa. 571, 580, 170 A. 2d 310 (1961). But a defendant cannot escape criminal responsibility for homicide where his violence produces a condition causing death, although the violence itself is not the immediate cause of death. *Commonwealth v. Williams,* 304 Pa. 299, 156 A. 86 (1931). In *Williams* the Court pertinently stated: "[I]n the instant case, the immediate cause of death was the secondary hemorrhage, but defendant was none the less responsible as the gunshot wounds she had made caused the infec-

tion and secondary hemorrhage, as would an assailant be whose wound pierced the lungs, causing death by pneumonia." *Id.* at 301, 156 A. at 87.

Taking as true all of the evidence, and considering all of the reasonable inferences that could be drawn therefrom, upon which, if believed, the jury could properly have based its verdict, as we must,* we are convinced that the Commonwealth adequately established that the firebombing was the legal cause of Mrs. Amplo's death.

Judgment of sentence affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.

---

* *Commonwealth v. Frye,* 433 Pa. 473, 252 A. 2d 580 (1969).