Opinion by
 

 Watkins, J.,
 

 This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Westmoreland County, by the defendant, Luella Skufca, of involuntary manslaughter and negligence and abandonment of minor children; and from the denial of post-trial motions.
 

 The defendant contends that the charge of the court below and the conviction of involuntary manslaughter cannot be sustained since the act of the defendant, whether a crime not amounting to a felony, or negligence as required by the statute, was not the cause of the death of these two children but contends that the only cause of the deaths was suffocation due to the fire.
 

 The defendant was the mother of two small children, Patrick, age one year and ten months, and Bertha, age three and one-half years, at the time of the incident in question. They were residing in a second floor apartment in the City of Arnold, Westmoreland County, Pennsylvania. On the evening of January 23, 1970, the defendant was anxious to go out for the evening and attempted to arrange for someone to sit with the children during her absence. Upon leaving the apartment, she put the two small children in the bedroom of the apartment and locked the door from the outside by a hook latch and the insertion of a table knife between the door and the jamb to prevent it from being unlatched from the inside. At this time, the person who was supposedly sitting with the children was down the street in a tavern, reportedly, according to the testimony of witnesses, inebriated. The defendant had knowledge of this fact, but, nonetheless, went out for the evening.
 

 At approximately 12:05 a.m. on January 24, 1970, a fire broke out in the building where the apartment
 
 *508
 
 was located in close proximity, if not in fact within the second floor apartment. At the time the fire was discovered, the other tenants of the building were aroused and helped to remove the other children from the building. A visitor to the building was told that the two small children were in the apartment. He went to the apartment and attempted to rescue the children. However, because of the intense heat and smoke and tar dripping from the roof, he was unable to determine how the door was latched and was unsuccessful in his rescue attempt. At this time, he could hear the voice of the defendant’s daughter crying for her mother. Sometime later when the firemen were able to enter the building, the two small children were found suffocated in the locked bedroom of the apartment.
 

 After conviction of both charges, the court sentenced the defendant to the Women’s Correctional Institution at Muncy for an indeterminate sentence not to exceed a maximum of two years.
 

 Commonwealth v. Root,
 
 403 Pa. 571, 170 A. 2d 310 (1961) holds the tort definition of proximate cause in manslaughter cases can no longer be used in Pennsylvania but that to sustain the conviction of involuntary manslaughter the action of the defendant must be a direct cause of the death in issue. However,
 
 Root,
 
 supra, does state that there can be more than one proximate cause of the death just as there can be more than one direct cause of the death.
 

 The Supreme Court in
 
 Root,
 
 supra, distinguished, but did not overrule the case of
 
 Commonwealth v. Levin,
 
 184 Pa. Superior Ct. 436, 135 A. 2d 764 (1957). In that case, the deceased was a passenger when the defendant turned his car sharply to the right in front of the other car, thereby causing the driver of the latter car to lose control and smash into a tree. This
 
 *509
 
 caused the passenger to be thrown to Ms death. The defendant’s recMess and unlawful maneuver was one of the direct causes of the death.
 

 There were two distinct causes of the deaths of the children in the instant case. There is no doubt that one of the proximate causes was the fire and the resulting suffocation of the children. However, the negligent and reckless act of the defendant in so locking the door of the room of the apartment where these babies had been placed so that not only was exit prevented but also entrance by another, at this time a rescuer, was the proximate cause of the death of these children. As the Supreme Court said in
 
 Commonwealth v. Johnson,
 
 445 Pa. 276, 284 A. 2d 734 (1971), at page 278: “But a defendant cannot escape criminal responsibility for homicide where his violence produces a condition causing death, although the violence itself is not the immediate cause of death.” See also,
 
 Commonwealth v. Williams,
 
 304 Pa. 299, 156 A. 86 (1931).
 

 When the witness rescuer heard the cries from the defendant’s apartment, it was then filled with smoke and was partially burning. He went to the doorway between the living room and the bedroom where the children had been placed, and although he manipulated the doorknob and made an attempt to force the door he could not get it opened. At that time he could hear the screams of one of the children. The only thing that separated him from the screaming child was the door secured by the defendant and, overcome by smoke, he was forced to leave. When a return effort was made to recover the children, the ceiling had fallen so that entry was impossible. We agree with the Supreme Court in
 
 Root
 
 and
 
 Johnson,
 
 supra, that the action of the defendant must constitute a direct and substantial factor in causing the death of the victim and a showing of probability is insufficient. Proof of causation beyond a reasonable doubt was present here.
 

 
 *510
 
 The defendant further contends that the Act of 1939, June 24, P. L. 872, §727, 18 P.S. §4727 is unconstitutional as being vague. The section complained of reads as follows:
 

 “4727. Neglect to maintain child; abandonment.
 

 “Whoever, being a parent or other person charged with the care and custody, for nurture or education, of a child under the age of sixteen (16) years, abandons the child in destitute circumstances, or wilfully omits to furnish necessary and proper food, clothing, or shelter for such child, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000.00), or undergo imprisonment not exceeding two (2) years, or both.”
 

 The contention of vagueness is based on the use of the phrase “abandons the child in destitute circumstances”. A reading of The Penal Code indicates that the Legislature intended this section as a punishment for abandoning minor children as indicated in the title which would not be the same as abandonment of minor children which would cause loss of custody and control on a permanent basis, but intended to cover circumstances such as the instant case where the abandonment is negligent and reckless and not intended to be permanent.
 

 Under the facts of this case, the reprehensible conduct of this defendant even to a person of limited intellect is such as to be obviously illegal under the statutes designated to protect minors who are, because of their ages, unable to protect themselves.
 

 The word “destitute” is widely known and used in our society. It is difficult to envision circumstances more destitute than that of two children of tender age imprisoned in a bedroom, without access to sanitary facilities or food, and without supervision, protection
 
 *511
 
 or control, as existed in this case. “Destitute” does not mean only the primitive physical needs of life but also things absolutely indispensable to human existence and decency of such very young children which, of course, includes care and supervision. Destitution of children includes deprivation of the care and protection of parents.
 

 Judgment of sentence is affirmed and the defendant directed to appear for sentencing.