Commonwealth *v*. Carn, Appellant.

Submitted May 22, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John H. Chronister,* Assistant Public Defender, for appellant.

*Samuel K. Gates,* Assistant District Attorney, and *Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, November 17, 1972:

A jury found the Appellant, Willie J. Carn, guilty of Murder in the Second Degree and of Aggravated Assault and Battery on January 6, 1964. The judge imposed sentence on the murder indictment and Appel-

lant took no appeal.[1]  Appellant filed a petition under the Post Conviction Hearing Act, January 25, 1966, P. L. (1965) 1580, §1, 19 P.S. 1180-1 et seq., alleging obstruction of appellate rights, and, as a result, he was allowed to file a motion for a new trial in order to perfect his appeal.  He filed such a motion, alleging that the verdict was contrary to the weight of the evidence, contrary to the evidence, and contrary to the law.[2]  The motion was denied and this appeal follows.

Appellant's sole contention is that there was insufficient evidence as a matter of law to allow a jury to find that his actions were the cause of decedent's death. Appellant was convicted of killing his ladyfriend, a Miss Leona Kearse.  He admits that he fired a shotgun and wounded her, but claims that the Commonwealth failed to establish that these wounds caused her death.

To establish the cause of death, the Commonwealth offered the testimony of Dr. Thomas J. Burkhart, a member of the York Hospital pathological staff who performed the autopsy.  Dr. Burkhart testified that there were two shotgun wounds, the point of entry of one being the right shoulder and the other being the

---

[1] The trial judge entered a suspended sentence on the assault and battery, indictment, Court of Common Pleas, County of York, Criminal No. 62, October Sessions, 1962.  An appeal was taken from that sentence to the Superior Court which in turn certified the matter to this court in view of the pending appeal at No. 51, May Term 1972.  In his brief and at oral argument, counsel directed his objections to the murder conviction.  Because Appellant has presented no arguments specifically directed to his assault and battery conviction, we are also affirming the appeal at No. 83 May Term, 1972.

[2] Appellant raised additional points in his post-conviction petition, most of which related to Escobedo v. Illinois, 378 U.S. 478 (1964) and cases following it.  His counsel, the Public Defender's Office, abandoned those points in the motion for a new trial since the trial in this case occurred before the effective date of Escobedo.

right buttocks. His testimony continued, "In my opinion the cause of death was due to gunshot wounds characteristic of the shotgun type associated with trauma to other organs as described, chest wall, lung, intestine, kidney, with hemorrhage, massive hemorrhage into the right chest cavity, and another factor to be considered in the cause of death has to be the factor of shock." Finally, he testified that the specific wound causing death was the one to the right shoulder, and that the wound in the lower back or buttocks would not alone have caused death.

The Commonwealth must prove causation in a homicide case beyond a reasonable doubt. *Commonwealth v. Embry,* 441 Pa. 183, 272 A. 2d 178 (1971) ; *Commonwealth v. Radford,* 428 Pa. 279, 236 A. 2d 802 (1968). However, causation is an issue of fact for the jury, *Commonwealth v. Johnson,* 445 Pa. 276, 284 A. 2d 734 (1971), and it is clear that accepting all of the evidence in this case and all reasonable inferences therefrom in a light most favorable to the Commonwealth, the jury had ample basis to conclude beyond a reasonable doubt that the shotgun wound was the cause of death. See, e.g., *Commonwealth v. Neal,* 447 Pa. 452, 290 A. 2d 922 (1972) ; *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971) ; *Commonwealth v. Frye,* 433 Pa. 473, 252 A. 2d 580 (1969).

Appellant contends that the victim suffered an injury while falling as a result of the shotgun blast and that the doctor's testimony indicates that the shotgun wounds might not have been fatal were it not for that injury. Appellant also contends that the doctor's testimony indicated that, had there been prompt medical attention, the gunshot wounds standing alone might not have been fatal. Under the evidence presented during this trial the jury would not have been required to reach these conclusions. Further, assuming arguendo

that they did accept Appellant's theory of the facts, his position is not aided. Whether the jury found that the decedent died from the gunshot wounds themselves, or that the gunshot wounds produced the condition causing death, Appellant is legally responsible for the death. "[O]ne charged with homicide cannot escape liability merely because the blow he inflicted is not mortal, or the immediate cause of death. If his blow is the legal cause, i.e., if it started a chain of causation which led to the death, he is guilty of homicide." *Commonwealth v. Cheeks*, 423 Pa. 67, 73, 223 A. 2d 291, 294 (1966). See also, *Commonwealth ex rel. Peters v. Maroney*, 415 Pa. 553, 204 A. 2d 459 (1964); *Commonwealth v. Dorazio*, 365 Pa. 291, 74 A. 2d 125 (1950); *Commonwealth v. Williams*, 304 Pa. 299, 156 A. 2d 86 (1931); *Commonwealth v. Scovern*, 292 Pa. 26, 140 A. 611 (1927).

The judgment of sentence of the court below is affirmed.