Commonwealth *v.* Newkirk, Appellant.

Argued January 17, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Thomas D. Watkins,* with him *Abraham T. Needleman,* for appellant.

*Benjamin H. Levintow,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1974:

The single question raised in this direct appeal from appellant's conviction of voluntary manslaughter[1] is whether the Commonwealth satisfied its burden of proving beyond a reasonable doubt, in this jury-waived trial, that the gunshot wound concededly inflicted upon the deceased by appellant was the legal cause of death. In all other respects, the sufficiency of the evidence is not challenged. The record on causation consists solely of the prosecution's uncontradicted medical testimony; the defense offered no conflicting medical evidence. Reviewing the entire record, as we must, in the light most favorable to the Commonwealth, *Commonwealth v. Lee,* 450 Pa. 152, 154, 299 A.2d 640, 641 (1973), we find the evidence of causation sufficient to sustain appellant's conviction. We affirm.

The deceased, one Benjamin Holmes, was hospitalized on October 24, 1970. Following surgery to remove the bullet, which had crushed and penetrated Holmes'

---

[1] This Court's jurisdiction is found in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1973).

spine, several "complications" developed—severe anemia, pneumonia, acute respiratory insufficiency, infection of the wound, and acute renal insufficiency. Holmes died on November 13, 1970. The "complications" were listed by the hospital as the immediate cause of death.

At trial, the Commonwealth's medical expert testified that but for the complications, the deceased would probably have survived. He further testified that it was possible that the deceased might have had a renal condition prior to the shooting. However he also stated that "the bullet wound was the underlying cause of all the complications which [Holmes] suffered in this hospitalization." Moreover, his conclusion as to the cause of death was explicit and unequivocal—"the deceased died as a result of a gunshot wound of the thorax, the thorax being the technical name for the chest portion of the body."

In affirming, we need only repeat what was said in *Commonwealth v. Cheeks*, 423 Pa. 67, 73, 223 A.2d 291, 294 (1966), and reiterated many times thereafter by this Court:[2] "[O]ne charged with homicide cannot escape liability merely because the blow he inflicted is not mortal, or the immediate cause of death. If his blow is the legal cause, i.e., if it started a chain of causation which led to the death, he is guilty of homicide." That the victim here might have had a pre-existing ailment, kidney disease, which was aggravated by treatment of his bullet wound, does not alter the conclusion that the gunshot wound was the legal cause of death. An accused may not escape criminal responsibility on the ground that, prior to the criminal act, his

---

[2] See, e.g., *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973); *Commonwealth v. Stafford*, 451 Pa. 95, 301 A.2d 600 (1973); *Commonwealth v. Amato*, 449 Pa. 592, 297 A.2d 462 (1972); *Commonwealth v. Carn*, 449 Pa. 228, 296 A.2d 753 (1972); *Commonwealth v. Johnson*, 445 Pa. 276, 284 A.2d 734 (1971).

victim was not in perfect health. See *Commonwealth v. Webb,* 449 Pa. 490, 296 A.2d 734 (1972); *Commonwealth v. Odom,* 448 Pa. 474, 295 A.2d 331 (1972).

The Commonwealth has an unvarying burden of proving legal causation beyond a reasonable doubt. See, e.g., *Commonwealth v. Hudson,* 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. Carn,* 449 Pa. 228, 296 A.2d 753 (1972); *Commonwealth v. Nole,* 448 Pa. 62, 292 A.2d 331 (1972); *Commonwealth v. Johnson,* 445 Pa. 276, 284 A.2d 734 (1971). The Commonwealth's evidence clearly supports the court's finding that the gunshot wound was the legal cause of death. Contrary to the assertions of appellant, this finding is in no way weakened by the medical testimony that the deceased might have had kidney disease and that kidney failure was an immediate cause of death. Nor does this testimony necessarily create a reasonable doubt as to causation. Compare *Commonwealth v. Embry,* 441 Pa. 183, 272 A.2d 178 (1971), and *Commonwealth v. Radford,* 428 Pa. 279, 236 A.2d 802 (1968); with *Commonwealth v. Amato,* 449 Pa. 592, 297 A.2d 462 (1972), and *Commonwealth v. Webb,* 449 Pa. 490, 296 A.2d 734 (1972).

Judgment of sentence affirmed.