J-S37027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT N. SITLER | : | |
| | : | |
| Appellant | : | No. 1989 EDA 2017 |

Appeal from the Judgment of Sentence Entered May 25, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000389-2013

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 24, 2018**

Robert N. Sitler struck and killed 16-year-old Timothy Paciello when Sitler sped into a center turning lane where Timothy was standing. A jury found him guilty of homicide by vehicle,[1] and the trial court, sitting without a jury, found him guilty of numerous summary offenses under the Vehicle Code.[2] Sitler argues on appeal that the trial court erroneously denied his Motion *in Limine* to preclude evidence that he had previously pled guilty to

_____

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3732(a).

[2] The court found him guilty of reckless driving, 75 Pa.C.S.A. § 3736(a); following too closely, 75 Pa.C.S.A. § 3310(a); driving vehicle at safe speed, 75 Pa.C.S.A. § 3361; maximum speed limits, 75 Pa.C.S.A. § 3362(a)(1); driving on roadways laned for traffic, 75 Pa.C.S.A. § 3309(1); and overtaking vehicle on the left, 75 Pa.C.S.A. § 3303(a)(1).

manslaughter, and challenges the sufficiency of the evidence to support his conviction for homicide by vehicle. We affirm.[3]

On November 12, 2012, just before 9 p.m., Sitler was driving his truck along a two-lane road with a center turning lane. His girlfriend, Denise Dinnocenti, and her children were passengers in the truck. Notes of Testimony ("N.T."), Trial, 2/7/2017, at 65-66, 128, 134, 139, 141. Sitler was driving Dinnocenti to a dance rehearsal, which started at 9 p.m. *Id.* at 134, 139.

Regina Qawasmy was driving in front of Sitler, who was following very closely behind her, approximately two or three feet. *Id.* at 74-75. In an effort to make Sitler follow less closely, she applied her brakes at least five to seven times. *Id.* at 75. As she prepared to turn right, she noticed a young man, later identified as Timothy, standing in the center lane waiting to cross the street. *Id.* at 76, 78. Prior to turning, Qawasmy began to decrease her speed. *Id.* at 81. Suddenly, Qawasmy heard the revving of an engine and then saw a flash, which she later learned was Timothy flying into the air. *Id.* at 81.

According to Dinnocenti, Sitler, while driving behind Qawasmy, became frustrated because she was taking too long to turn. *Id.* at 142. He sped around Qawasmy on the left and into the center lane, going 50 miles per hour ("mph") in a 35 mph zone. N.T., Trial, 2/8/17, at 158, 161. Sitler did not see Timothy in the lane and as a result, struck him with his truck, causing Timothy to fly into the air and then slide down the street. *Id.* at 139, 148.

_____

[3] Additionally, Sitler pled guilty to numerous other crimes, related to the same incident, which are not dispositive of this appeal.

After striking Timothy, Sitler pulled into a nearby parking lot. N.T., Trial, 2/7/17, at 148. He handed his keys over to Dinnocenti and instructed her and her children to tell the police that she was driving. *Id.* at 152-153, 159. When police arrived, Dinnocenti did as Sitler had said and told them that she was driving. *Id.* at 152. At the scene and in a later written statement, Sitler likewise claimed that Dinnocenti was driving. *Id.* at 207; N.T., Trial, 2/8/17, at 116. The police later recovered surveillance footage from the Sunoco gas station across the street from the accident. N.T., Trial, 2/8/17, at 121. The footage showed Timothy walking into the center lane and then out of sight of the video. A few moments later, Sitler's truck is seen speeding down the center lane. Officer Matthew Meitzler, who was one of the officers that arrived on scene, informed Dinnocenti that there was footage of the accident. N.T., Trial, 2/7/17, at 163, 190. Eventually, both Dinnocenti and Sitler admitted that he was driving the vehicle. *Id.* at 163, 226.

This was not the first time Sitler caused a death while driving. In Alabama in 2004, he caused the death of Mary Francis Stewart. *Id.* at 9, 12. While driving in heavy fog, Sitler drove closely to the vehicle in front of him. *Id.* at 12-13. In an effort to get around the vehicle, he sped into the lane for opposing traffic and crashed into an oncoming vehicle, killing the driver, Ms. Stewart. *Id.* at 13. Sitler pled guilty to manslaughter for causing the death of Ms. Stewart while operating a motor vehicle. *Id.* at 12.

Sitler moved *in limine* to preclude the evidence of the Alabama conviction. The trial court concluded that the evidence was highly prejudicial

and granted the motion. The Commonwealth filed a Notice of Appeal to this Court, arguing among other issues, that the trial court erred in granting the Motion *in Limine.* This Court, sitting *en banc*, agreed and reversed the ruling. ***See Commonwealth v. Sitler***, 144 A.3d 156, 165 (Pa.Super. 2016) (*en banc*).

The case then proceeded to a three-day jury trial, after which Sitler was convicted of the above-referenced crimes. He was sentenced to an aggregate term of eight and one-half to 17 years' incarceration. Sitler filed a post-sentence motion which the trial court denied. This timely appeal followed.

On appeal, Sitler presents two issues:

I.    The introduction of [Sitler's] prior homicide by vehicle [conviction] was unfairly prejudicial. Any probative value of the prior bad act was outweighed by its prejudicial effect on the jury.

II.   The Commonwealth presented insufficient evidence to prove the elements of recklessness and causation beyond a reasonable doubt for the charge of Homicide by Vehicle.

Sitler's Br. at 10.

We first address Sitler's claim that the introduction of his prior conviction was unfairly prejudicial and should not have been introduced into evidence. This Court in the prior *en banc* appeal in this case already decided this issue and therefore we are constrained to follow its decision based on the "law of the case" doctrine. The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that

same court or by a higher court in the earlier phases of the matter." **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995). One of the rules that make up this doctrine is that "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." **Id.** Unless there has been "an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed," a court cannot depart from a prior decision in the same case. **Id.** at 1332.

Here, Sitler asks us to alter the resolution of a legal issue this Court decided against him in a prior appeal. He argues that the published decision in **Commonwealth v. Akhmedov**, 3443 EDA 2015 (Pa.Super. Dec. 8, 2017), *reargument granted*, (filed Feb. 12, 2018), "puts before this Court a split in authority regarding when such evidence as was allowed in this case is admissible." **See** Sitler's Br. at 28-29. However, this Court granted reargument *en banc* and withdrew the three-judge panel decision to which Sitler cites. The three-judge panel's decision thus lacks any precedential value, and we have not yet issued an *en banc* decision in **Akhmedov**.

More to the point, there is no split in authority or intervening change in the relevant law or facts, or demonstration of clear error or manifest injustice, such as would permit us to diverge from our decision in the prior appeal (if we

were so inclined). *See Starr* 664 A.2d at 1332. As such, the law of the case doctrine applies and we decline to readdress the issue.

Next, Sitler challenges the sufficiency of the evidence for the crime of homicide by vehicle. Our standard of review for a challenge to the sufficiency of evidence is "whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." *Commonwealth v. Gorman*, 182 A.3d 1035, 1037 (Pa.Super. 2018) (quoting *Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa.Super. 2011)). Sitler argues that the evidence "does not support a finding of malice and the 'sustained, purposeful recklessness' necessary to prove 'a knowing and conscious disregard that death or serious bodily injury was reasonably certain to occur.'" Sitler's Br. at 48 (quoting *Commonwealth v. Kling*, 731 A.2d 145, 150 (Pa.Super. 1999)).

Sitler's reliance on *Kling* to support that the Commonwealth failed to prove the required *mens rea* in this case is misplaced. *Kling* involved an appeal from convictions of third-degree murder, aggravated assault, recklessly endangering another person, and possession of marijuana. *Kling*, 731 A.2d at 146. Kling challenged the sufficiency of the evidence for his third-degree murder and aggravated assault convictions. *Id.* at 147. A panel of this Court concluded that the evidence was sufficient to prove the *mens rea* for both charges – malice – because the "circumstances evidenced the sustained,

purposeful recklessness necessary to prove a 'knowing and conscious disregard that death or serious bodily injury was reasonably certain to occur.'" *Id.* at 147, 150.

Here, the jury did not convict Sitler of crimes requiring proof of malice. Rather, homicide by vehicle requires the Commonwealth to prove recklessness or gross negligence. *See* 75 Pa.C.S.A. § 3732(a).

The Pennsylvania Crimes Code defines recklessness in terms of a "conscious disregard of an unjustifiable risk":

> A person acts recklessly with respect to a material element of an offense when he [or she] consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his [or her] conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him [or her], its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3). The term "gross negligence," as used in the offense of homicide by vehicle, is encompassed within the Crimes Code's definition of recklessness. *See Commonwealth v. Huggins*, 836 A.2d 862, 868 (Pa. 2003) (stating generally that *mens rea* of recklessness and gross negligence in criminal context are fundamentally equivalent), *cited in Commonwealth v. Karner*, 2018 PA Super 213, at *4 n.5 (filed July 20, 2018).

Sitler contends that the evidence presented was insufficient to prove recklessness because the testimony presented by the Commonwealth varied regarding the lighting conditions, whether Timothy was visible, and how fast Sitler was driving. *See* Sitler's Br. at 31, 35-36, 38. Viewing the facts in the

light most favorable to the Commonwealth and making all reasonable inferences in the Commonwealth's favor, as verdict-winner, we must disagree.

Here, the record belies Sitler's argument that the evidence was insufficient to prove recklessness. Before the accident, Sitler was speeding and following too closely to Qawasmy's vehicle, and then erratically and improperly tried to pass her vehicle on the left by driving into the center turning lane. In so doing, Sitler went around Qawasmy's vehicle on the left, pulled into the turning lane, striking and killing Timothy. He did so despite having previously killed someone by passing a vehicle on the left and hitting another vehicle head-on. This evidence supported an inference that Sitler was aware that his actions risked serious injury or death, and thus, supported a finding that Sitler acted with a conscious disregard of an unjustifiable risk.

While Sitler suggests the blame is on the victim for not using the crosswalk, *id.* at 41, the focus is not on the actions of the victim. **See** 18 Pa.C.S.A. § 302(b)(3). Rather, the focus remains on Sitler's conduct and as "long as [his] conduct started the chain of causation which led to the victim's death," Sitler may be found criminally responsible for Timothy's death. **Commonwealth v. Nicotra**, 625 A.2d 1259, 1264 (Pa.Super. 1993) (quoting **Commonwealth v. Shoup**, 620 A.2d 15, 18 (Pa.Super. 1993)). As we just explained, Sitler's decision to speed into the center turning lane without being able to see if there was someone in the lane was "a substantial and unjustifiable risk," which resulted in Timothy's death. We cannot say on this

record that the evidence was insufficient to prove recklessness. ***See***

***Commonwealth v. Matroni***, 923 A.2d 444, 448 (Pa.Super. 2007) (concluding that evidence of speeding, tailgating, and erratically changing lanes was sufficient to show defendant acted in reckless and grossly negligent manner).

We also reject Sitler's argument that the Commonwealth failed to prove causation. "Causation will only be found if the defendant's Motor Vehicle Code violation was a direct and substantial factor in the death of the victim and the fatal result was not extraordinary or remote." ***Commonwealth v. Petroll***, 696 A.2d 817, 823 (Pa.Super. 1997). The evidence here unequivocally supports a finding that Sitler's violations for improper passing on the left, speeding, and using the turning lane to pass Qawasmy were direct and substantial factors in the death of the victim. Had Sitler not moved out of his lane until he had made certain he could do so safely, not passed Qawasmy on the left, or not committed his other Motor Vehicle Code violations, Timothy might still be alive today. Thus, the evidence was sufficient to prove causation. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/18