J-S64013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DWIGHT M. HILL :
:
Appellant : No. 390 WDA 2019

Appeal from the PCRA Order Entered February 26, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012419-2004,
CP-02-CR-0013731-2004

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.*

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 19, 2019**

Dwight M. Hill appeals *pro se* from the order that dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

On February 5, 2008, Appellant pled guilty to, *inter alia*, rape and third-degree murder in connection with his sexual assault of a seventy-nine-year-old patient at a personal care home. The woman died of pneumonia acquired as a result of aspiration in the hospital where she was admitted as a consequence of Appellant's assault. Also on February 5, 2008, Appellant was sentenced in accordance with his plea agreement to an aggregate term of thirty to sixty years of imprisonment. Appellant filed no direct appeal.

In August 2018, Appellant filed a *pro se* PCRA petition. The PCRA court promptly appointed counsel and ordered the filing of an amended petition

_____
* Retired Senior Judge assigned to the Superior Court.

within thirty days. After obtaining several extensions of time, counsel filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Therein, counsel opined that Appellant's petition was untimely and no timeliness exception applied. The PCRA court granted counsel's motion and issued notice of its intent to dismiss Appellant's petition as untimely without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. After reviewing Appellant's *pro se* response, the PCRA court dismissed the PCRA petition as untimely. Appellant filed a timely notice of appeal,[1] and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for this Court's consideration:

1) Was the [PCRA c]ourt in error in its denial of the Appellant's PCRA stating that, it was time-barred and basing [its] opinion on the reasons raised by the Appellant in a field that is beyond the field of the [c]ourt's expertise, in which a hearing should [have] been granted to professionally examine the Appellant's claims?

2) Was counsel for the Appellant ineffective for providing his client with knowingly false and misleading information about the contents and reports that were within the medical records of the victim, and thereby manipulating the Appellant in taking a plea deal to 3rd degree murder?

_____

[1] Although Appellant filed a single notice of appeal from an order entered at two docket numbers, our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), does not require us to quash the appeal because Appellant's contentions relate only to his murder conviction at CP-02-CR-0013731-2004. **See Commonwealth v. Sayles**, 1365 WDA 2018, 2019 WL 2353469, at *3 (Pa.Super. June 4, 2019) (non-precedential decision) (holding that **Walker** did not apply to appeal involving issues only related to one of the two docket numbers at issue).

Appellant's brief at 4.

We begin with the principles pertinent to our review. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

The timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa.Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to timeliness is satisfied. Those exceptions relate to governmental interference with the presentation of the claim; newly-discovered facts; and a newly-recognized, retroactively-applicable constitutional right. *See* 42 Pa.C.S. § 9545(b)(1).

In the instant case, Appellant invoked the newly-discovered facts exception to support his patently-untimely PCRA petition filed nearly ten years after his judgment of sentence became final. In order to prevail under this exception, Appellant must establish not only that "the facts upon which the

claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;" but also that he filed his PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(1)(ii), (2). "Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa.Super. 2019).

Appellant argues that he "was presented with [the victim's] complete medical records only after he file[d] his PCRA" petition and requested them from PCRA counsel. Appellant's brief at 8. Appellant also points to a January 9, 2007 letter from Howard E. Reibord, M.D., to Appellant's trial counsel, which Appellant claims to have learned of for the first time when PCRA counsel attached it to his *Turner*/*Finley* letter.[2] *Id*. at 8. Appellant further contends that he met his burden of showing due diligence because he pursued his claim as soon as he received the documents. *Id*. at 10.

Appellant has not convinced us that the PCRA court erred and that relief us due. The transcript of Appellant's plea hearing clearly shows that Appellant

---

[2] Dr. Reibord's January 9, 2007 letter states his opinion that the victim's manner of death should be classified as undetermined because there was a question whether the family's refusal to allow blood cultures and certain medications resulted in insufficiently-aggressive treatment. *See* No-Merit Letter, 1/22/19, at Exhibit B.

- 4 -

was aware before he pled guilty that the victim's primary cause of death was pneumonia.[3] *See* N.T. Plea/Sentencing, 2/5/08, at 17-19. Although Appellant has alleged and argued that he did not know the specific medical information related to the challenge he now wishes to make to the cause of his victim's death until 2018 or 2019, at no point does Appellant explain why he could not have discovered them a decade ago, merely by asking for his plea counsel's file.

---

[3] Specifically, as part of the factual basis of Appellant's plea, the Commonwealth indicated as follows:

> The testimony would have been that [the victim] was admitted to Jefferson Memorial Hospital and as she was there, she began to decline. She developed bronchial pneumonia from aspiration.
>
> From the moment that she was found, she was non-responsive. Her dementia, she never could go back to baseline Your Honor. That she was non-ambulatory nonverbal, and as a result of this trauma, she was hospitalized, developed bronchial pneumonia.
>
> Due to the fact that there was hospice involved, comfort measures only were given to [her], and as a result of the bronchial pneumonia, she died on August 21, 2004.
>
> . . . .
>
> It was the opinion of Dr. Shaun Ladham that [the victim] died as a result of acute bronchial pneumonia, physical assault which was documented clinically as contact fracture.

N.T. Plea/Sentencing, 2/5/08, at 17-19

Furthermore, Appellant's allegations of actual innocence are unavailing to allow a court to reach the merits of his claim. **See Commonwealth v. Brown**, 143 A.3d 418, 420-21 (Pa.Super. 2016) (rejecting actual innocence as a basis for jurisdiction over an untimely PCRA petition).

Therefore, we conclude that the PCRA court properly held that Appellant failed to plead and offer to prove facts to establish an exception to the PCRA's timeliness requirements. Accordingly, the PCRA court correctly dismissed the petition without a hearing because it lacked jurisdiction to entertain the merits of Appellant's substantive claim.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2019

---

[4] For Appellant's benefit, we note that the fact that his victim's immediate cause of death was pneumonia does not *ipso facto* indicate that he is innocent of her murder. "So long as the defendant's conduct started the chain of causation which led to the victim's death, criminal responsibility for the crime of homicide may properly be found." **Commonwealth v. Shoup**, 620 A.2d 15, 18 (Pa.Super. 1993). Our Supreme Court has upheld a second-degree murder conviction upon similar facts. **See Commonwealth v. Johnson**, 284 A.2d 734, 734 (Pa. 1971) (affirming second-degree murder conviction where victim died of bronchopneumonia developed while she was being treated for burns caused by the defendant).