1999 PA Super 30

**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Frederick David KETTERER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1998.

Filed Feb. 17, 1999.

**802**

Burton A. Rose, Philadelphia, for appellant.

Michael R. Galantion, Assistant District Attorney, Media, for Commonwealth, Appellee.

Before JOHNSON, MONTEMURO*, JJ. and CIRILLO, President Judge Emeritus.

MONTEMURO, J.

¶ 1 This is an appeal from the judgment of sentence entered following Appellant's jury

---

* Retired Justice assigned to Superior Court.

conviction for aggravated assault by vehicle while driving under the influence, driving under the influence and recklessly endangering another person.[1] Appellant was sentenced to an aggregate term of 42 to 84 months imprisonment.

¶ 2 The charges stem from an accident which occurred in the late evening of September 28, 1996. Because visibility was reduced to a minimum by a heavy downpour, traffic was moving at no more than 25 mph. Appellant, however, travelling at an estimated speed of 65 mph in a 45 mph zone, smashed broadside into a car attempting to make a left turn at an intersection. As a result of the impact, Appellant's vehicle became airborne, landing on its roof, and coming to rest on the driver's side some 70 feet from the point of impact. The 17 year old driver of the car struck by Appellant suffered massive, life-threatening injuries as a result of the collision, and a 16 year old passenger was also injured. Both drivers had to be cut from the wreckage by rescue personnel. When tested at the hospital emergency room, Appellant's blood alcohol level was .24%. His speech was slurred, and his breath smelled of alcohol. There was no indication that Appellant had attempted evasive action.

¶ 3 On appeal, Appellant raises the following issues for our review: (1) sufficiency of the evidence to support his conviction for aggravated assault by vehicle while driving under the influence, 75 Pa.C.S.A. § 3735.1; unconstitutionality of the statute for its lack of a sufficient mens rea; and (2) trial court error in: a) failing to instruct the jury on the meaning of "negligently" for a violation of § 3735.1; b) instructing the jury that the victim's contributory negligence could not be a defense if the Appellant's conduct was a direct cause of the accident; and c) admitting evidence regarding the victim's injuries when these were the subject of a stipulation. We will address these claims *seriatim*, although not quite in the order presented.

¶ 4 Appellant's first contention is that there was insufficient evidence to sustain his conviction for aggravated assault while driv-

ing under the influence. This offense is defined as follows:

> Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S.A. § 3735.1(a).

¶ 5 Appellant does not dispute that he was intoxicated as his blood alcohol content was .24%, nor does he contend that the victim did not sustain "serious bodily injury" as a stipulation to this effect was made during trial. Rather, he asserts that the Commonwealth failed to prove that his driving while under the influence was the cause of the accident. He argues that the speed at which he was travelling was the critical factor, leaving him no time to evade a collision with the victim's car as it pulled into the turn. By implication Appellant posits the theory that any lack of judgment shown by his driving at excessive speed in inclement weather is a matter separable from his inebriation.

¶ 6 "In evaluating a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, which has won the verdict, and draw all reasonable inferences in its favor." *Commonwealth v. Shoup*, 423 Pa.Super. 12, 620 A.2d 15, 16–17 (1993). It must then be determined whether the evidence is sufficient to permit a jury to find that all elements of the crime charged have been proven beyond a reasonable doubt. *Id.* at 17.

¶ 7 As the trial court notes, the Commonwealth presented expert testimony concerning the effects of alcohol on mental processes. Even had it not done so, the fact that drinking can impair the ability to drive safely is a matter of common knowledge. Appellant's blood alcohol content was .24%. He was travelling at an excessive rate of speed under weather conditions so adverse that other vehicles were travelling at 25 mph or less. It is permissible for a factfinder to draw the inference that Appellant's speed under these

---

1. 75 Pa.C.S.A. § 3735.1, 75 Pa.C.S.A. § 3731 and 18 Pa.C.S.A. § 2705, respectively.

circumstances was a result of his intoxication, which diminished his ability to understand the weather conditions and hence, drive safely. Indeed, the only alternative explanation, and the one which is the logical extension of Appellant's argument, is that his mental processes were such, even without the alcohol, as to prevent his perception of danger and/or his ability to react to it.

¶ 8 "[T]he question of any doubt is for the [factfinder] unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977) (quoting *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943)). Such is not the case here.

¶ 9 In *Commonwealth v. Nicotra*, 425 Pa.Super. 600, 625 A.2d 1259 (1993), the defendant struck a vehicle which was making a left turn, killing the passenger of that vehicle. *Id.* at 1261. This Court found that, even though the intoxicated defendant had a green light and attempted to stop his vehicle before the collision, his driving at an excessive speed while intoxicated started an unbroken chain of causation which culminated in the fatal collision. *Id.* at 1264. Further, in *Shoup, supra,* this Court rejected the argument that an illegally parked dump truck was the legal cause of the accident when that truck could be seen from an intersection 30–35 feet away. *Shoup,* 620 A.2d at 17.

¶ 10 Here, there was testimony that the minimal visibility caused by severe weather conditions made operating a vehicle in excess of 25 mph unsafe. It is apparent from Appellant's behavior that his power to reason was affected only by alcohol, and not by climatic considerations. Therefore the jury properly concluded that his driving under the influence started an "unbroken chain of causation" and directly precipitated the collision. *See Nicotra,* 625 A.2d at 1264.

¶ 11 In *Commonwealth v. Johnson,* 376 Pa.Super. 121, 545 A.2d 349 (1988), we considered evidence showing the defendant to have been under influence of alcohol so as to be incapable of safe driving, and to have been involved in a fatal accident under circumstances demonstrating that he was at fault. We held this evidence to be "sufficient to permit a finding that appellant's violation of the proscription against driving while under the influence of alcohol was a legal cause of the accident." *Id.* at 353. We went on to state that "[w]hether the fatality would not have occurred but for appellant's being under the influence of alcohol was, under the circumstances, a question for the trier of the facts." *Id.* The trier of fact here concluded that Appellant's drunkenness and not the speed of his car was the culpable agent.

¶ 12 Appellant relies on *Commonwealth v. Moyer,* 436 Pa.Super. 442, 648 A.2d 42 (1994), to support his contention of insufficient evidence. There the defendant was operating a watercraft and the victim was on a jet ski when another party who was standing on the shore swung a stick at the victim as he drove past. *Id.* at 43. The victim lost control of his jet ski and veered into the path of defendant's craft which struck and killed him. *Id.* There was no testimony that the defendant was speeding, and an intervening force actually caused the accident. *See id.* at 47.

¶ 13 In contrast, Appellant was speeding in a rainstorm while inebriated. These factors support the inference that Appellant's intoxication rendered him unable to perceive the dangers of travelling at an excessive speed in that weather. *See Commonwealth v. Molinaro,* 429 Pa.Super. 29, 631 A.2d 1040, 1042 (1993). The jury was free to determine that Appellant's intoxication caused the accident. Accordingly, sufficient evidence exists to support Appellant's conviction.

¶ 14 Appellant also alleges error in certain of the court's jury instructions. The standard to be applied in reviewing a jury charge is well settled:

When reviewing jury instructions for reversible error, an appellate court must read and consider the charge as a whole. We will uphold an instruction if it adequately and accurately reflects the law and is sufficient to guide the jury through its deliberations. Error will not be predicated on isolated excerpts. Instead, it is the general effect of the charge that controls.

An erroneous charge warrants the grant of a new trial unless the reviewing court is convinced beyond a reasonable doubt that the error is harmless.

*Commonwealth v. Nichols*, 692 A.2d 181, 186 (Pa.Super.1997) (quoting *Commonwealth v. Clark*, 453 Pa.Super. 257, 683 A.2d 901, 904 (1996)); *see also Commonwealth v. Jones*, 546 Pa. 161, 192, 683 A.2d 1181, 1196 (1996).

¶ 15 Appellant first claims as erroneous the trial court's charge that the victim's contributory negligence could not be a defense if Appellant's conduct was a direct cause of the accident.

▮▮▮▮ ¶ 16 "The law is clear that a victim's contributory negligence, if any, is not a defense ... if the defendant's conduct was a direct and substantial factor in causing the accident." *Nicotra*, 625 A.2d at 1264. "Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing the [injury] even though other factors combined with that conduct to achieve the result." *Shoup*, 620 A.2d at 18 (quoting *Commonwealth v. Stafford*, 451 Pa. 95, 301 A.2d 600 (1973)). As long as the defendant's conduct started the chain of causation which led to the victim's injuries, criminal responsibility may properly be found. *See Nicotra*, 625 A.2d at 1264.

¶ 17 A review of the trial court's instruction on this issue reveals precise conformity to the existing law:

In order to be a direct cause of the accident and injuries, the Defendant's conduct must be a direct and substantial factor in bringing about the accident and the injuries. There can be more than one direct cause of the accident and injuries. The Defendant whose conduct is a direct cause of an accident and injuries may be criminally liable even though there are other direct causes.

The Defendant's conduct is not a direct cause if the actions of the victim play such an independent, important and overriding role in bringing about the accident and his injuries compared with the role of the Defendant; that the Defendant's conduct does not amount to a direct and substantial factor in bringing about the accident and the injuries sustained.

A Defendant's conduct may be a direct cause of the accident and injuries even though his conduct was not the last or immediate cause of the accident and injuries. Thus, the Defendant's conduct may be a direct cause of an accident and injuries if it initiates an unbroken chain of events leading to the accident and injuries.

\* \* \* \* \*

A victim's contributory negligence, if any, is not a defense to a charge of Aggravated Assault by Motor Vehicle While Driving Under the Influence if the Defendant's conduct was a direct and substantial factor in causing the accident. . . .

(N.T., Trial, 9/22/97, at 104–06). Appellant's assertion is therefore meritless.

¶ 18 Appellant also contends the trial court erred in admitting detailed and graphic evidence of the victim's injuries when counsel had already stipulated that the victim had suffered "serious bodily injury" under § 3735.1. Appellant argues that the jury's emotional response to information about these injuries was such that prejudice was inevitable, that counsel should have requested a curative instruction in order to neutralize the impact of the evidence, and was ineffective in having failed to do so.

▮▮▮▮ ¶ 19 "A trial court has broad discretion to determine whether evidence is admissible." *Commonwealth v. Miller*, 541 Pa. 531, 551, 664 A.2d 1310, 1320 (1995), *cert. denied*, 516 U.S. 1122, 116 S.Ct. 932, 133 L.Ed.2d 859 (1996). We will not reverse the trial court's ruling absent an abuse of discretion. *Commonwealth v. Cook*, 544 Pa. 361, 377, 676 A.2d 639, 647 (1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 967, 136 L.Ed.2d 851 (1997).

▮▮▮ ¶ 20 The Commonwealth was permitted to introduce evidence of severity of the injuries sustained by the driver of the other car to show the relationship between these injuries and the speed of Appellant's vehicle at the time of the accident. This nexus is germane to the causation element of § 3735.1, as the extent of the victim's injuries

was relevant to establish the force of the impact. Accordingly, the trial court properly allowed introduction of the evidence, no curative instruction was necessary, and counsel was not ineffective in having failed to request one.[2]

¶ 21 Finally, Appellant challenges the constitutionality of 75 Pa.C.S.A. § 3735.1 both on its face and as applied. He first asserts constitutional infirmity on grounds that the statute "imposes criminal liability at the level of a felony of the second degree for an act of ordinary negligence." (Appellant's Brief at 25).

¶ 22 The statute provides that "any person who negligently causes serious bodily injury to another . . . ." is guilty of aggravated assault by vehicle/DUI. *See* 75 Pa.C.S.A. § 3735.1, *supra* (emphasis added). Contrary to Appellant's contention, however, criminal liability does not attach as the result of "ordinary negligence."

¶ 23 The culpability requirements of the Crimes Code, 18 Pa.C.S.A. § 302, which apply to all of the crimes in the Code, are enunciated, in pertinent part, as follows:

(a) Minimum requirements of culpability.—Except as provided in section 305 of this title . . . a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or **negligently**, as the law may require, with respect to each material element of the crime.

18 Pa.C.S.A. § 302(a) (emphasis added). Negligence is also defined by the Crimes Code:

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the stan-

dard of care that a reasonable person would observe in the actor's situation.

*Id.* at § 302(b)(4).

¶ 24 The *mens rea* established for § 3735.1 falls under the aegis of these statutory sections, as do, *e.g.*, both the homicide by vehicle and the homicide by vehicle while driving under the influence statutes, 75 Pa.C.S.A. §§ 3732 and 3735, which provide that death be caused "unintentionally." These statutes have been found constitutional. *See, e.g., Commonwealth v. Nay,* 281 Pa.Super. 226, 421 A.2d 1231, 1234 (1980) (applying *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980)) (statute proscribing offense of homicide by vehicle required showing of culpable conduct and was therefore constitutional). Clearly, the instant statute, which by definition involves negligent action, as that term is defined by the Crimes Code, is constitutional on its face.

¶ 25 Finally, Appellant contends that the statute is unconstitutional as applied, since trial court failed to instruct the jury as to the meaning of "negligently" as required to support a conviction of § 3735.1. We are constrained to agree.

¶ 26 The offense of aggravated assault by vehicle while driving under influence, § 3735.1, is defined as an assault "negligently" committed. As has already been noted, according to the law of Pennsylvania, "[a] person acts negligently . . . when he should be aware of a substantial and unjustifiable risk . . . [that is] of such a nature and degree that the actor's failure to perceive it . . . involves a **gross deviation** from the standard of care that a **reasonable person** would observe in the actor's situation."

18 Pa.C.S.A. § 302(b)(4) (emphasis added).

¶ 27 In *Commonwealth v. Heck,* 517 Pa. 192, 199, 535 A.2d 575, 579 (1987), our Supreme Court held that ordinary negligence would not sustain a conviction for homicide by vehicle. "Rather, [the Court] found that the statutory definition of negligence in the culpability section of the Crimes Code encompassed not the lack of care necessary to

---

**2.** Our resolution of the underlying claim obviates any necessity of examining Appellant's ineffectiveness of counsel argument, which, in any event he failed to develop beyond making the bare allegation that such ineffectiveness had occurred.

prove tort liability, but criminal negligence, otherwise a conviction relying on this provision would violate due process." *Commonwealth v. O'Hanlon*, 539 Pa. 478, 481–482, 653 A.2d 616, 617–618 (1995) (citing *Heck, supra* ).

¶ 28 As *O'Hanlon* makes clear, the distinction between the definition of negligence as that term is used in the Crimes Code and as it applies in cases of tort is critical, since no criminal liability attaches to the latter. This difference should have been explained to the jury. *See Heck, supra.* However, the trial court gave no instruction as to the meaning of "negligently," thereby permitting the jury to convict Appellant upon a showing of ordinary negligence.

¶ 29 The deficiency of the instruction is demonstrated by the query sent by the jury to the court during deliberations: "Can we find Defendant guilty of Aggravated Assault if Mr. Herm [the other driver] is partially negligent pulling out carelessly?" (N.T., Trial, 9/22/97, at 124). The court's further instruction was a reiteration of the original charge. Given the jurors' apparent failure to distinguish between the negligence of the victim and that of Appellant after the first recital of the instruction, it is obvious that they were not adequately apprised of the law regarding the degree of negligence required for criminal culpability after hearing a repetition of the same information.

¶ 30 "The absence of a charge on the applicable *mens rea* requirements warrants a new trial." *Commonwealth v. Safrit*, 517 Pa. 484, 538 A.2d 1335 (1988) (per curiam); *see also Commonwealth v. Patosky*, 440 Pa.Super. 535, 656 A.2d 499, 506, *appeal denied,* 542 Pa. 664, 668 A.2d 1128 (1995). For this reason, we must vacate the judgment of sentence as to Appellant's conviction for § 3735.1 and remand for a new trial.

¶ 31 Judgment of sentence as to all remaining convictions is affirmed.

Judgment affirmed in part, vacated in part and remanded. Jurisdiction relinquished.

