J.S15044/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ADAM WIRTH, | : | |
| | : | No. 1455 MDA 2013 |
| Appellant | : | |

Appeal from the Judgment of Sentence April 15, 2013
In the Court of Common Pleas of Union County
Criminal Division No(s).: CP-60-CR-0000110-2012

BEFORE: BOWES, OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:           **FILED OCTOBER 29, 2014**

Appellant, Christopher Adam Wirth, appeals from the judgment of sentence entered in the Union County Court of Common Pleas. Appellant contends that the evidence was insufficient to sustain, *inter alia*, his convictions for homicide by vehicle and aggravated assault by vehicle,[1] homicide and aggravated assault by vehicle while driving under the influence,[2] and failure to use a restraint system.[3] We affirm.

The factual background to this appeal is well known to the parties and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3732, 3732.1.

[2] 75 Pa.C.S. §§ 3735, 3735.1.

[3] 75 Pa.C.S. § 4581.

summarized by the trial court. *See* Trial Ct. Op., 7/23/13, at 2-3. We need only reiterate that Appellant's convictions arise from a single car accident that resulted in one of his passengers dying and a second suffering severe injuries. At a jury trial, the Commonwealth adduced evidence that Appellant's blood-alcohol level was 0.138% within two hours of driving and he lost control of his vehicle while driving around a curve at ninety-one miles per hour, even though the road was posted with a thirty-five mile per hour limit. Appellant was found guilty of all twelve counts presented by the Commonwealth.[4]

The trial court, on April 15, 2013,[5] imposed an aggregate sentence of eight years and ten months' to twenty-five years' imprisonment and $1,210 in fines.[6] Appellant filed post-sentence motions on April 22, 2013, which the

---

[4] The jury found Appellant guilty of five offenses, while the trial court found him guilty of seven summary and misdemeanor offenses.

[5] Although the trial court conducted the sentencing hearing on April 11, 2013, and authored a written sentencing order that same day, the order was not docketed and served until April 15, 2013. Because Appellant filed post-sentence motions, we will regard April 15, 2013 as the date judgment of sentence was entered. *See* Pa.R.A.P. 108(a)(1), (d)(1)-(2); Pa.R.Crim.P. 720, *Note, "Timing."*

[6] The individual sentences imposed on Appellant were:

Count I: Homicide by vehicle while driving under the influence, 75 Pa.C.S. § 3735(a)—60 to 120 months' imprisonment.

Count II: Aggravated assault by vehicle while driving under the influence, 75 Pa.C.S. § 3735.1(a)—24 to 120 months' imprisonment, consecutive to Count I.

court denied by order entered July 25, 2013. Appellant timely filed a notice of appeal on August 9th, and a court-ordered Pa.R.A.P. 1925(b) statement on September 3rd.[7] This appeal followed.

---

Count III: Homicide by vehicle, 75 Pa.C.S. § 3732(a)—30 to 84 months' imprisonment, concurrent to Counts I and II.

Count VI: Aggravated assault by vehicle, 75 Pa.C.S. § 3732.1(a)—merged with Count II.

Count V: Accident involving death and/or serious bodily injury, not properly licensed, 75 Pa.C.S. § 3742.1(a), (b)(2)—22 to 60 months' imprisonment.

Count VI: Driving under the influence, incapable of safely driving, 75 Pa.C.S. § 3802(a)(1)—merged with Count VII

Count VII: Driving under the influence, high rate of alcohol, 75 Pa.C.S. § 3802(b)—merged with Count I.

Count VIII: Unauthorized transfer or use of registration, 75 Pa.C.S. § 1372(3)—$500 fine

Count IX: Driving while operating privileges suspended or revoked, 75 Pa.C.S. § 1543(a)—$200 fine

Count X: Operating vehicle without required financial responsibility, 75 Pa.C.S. § 1786(f)—$300 fine

Count XI: Reckless driving, 75 Pa.C.S. § 3736(a)—$200 fine

Count XII: Restraint systems, 75 Pa.C.S. § 4581(a)(2)—$10 fine.

Sentencing Order, 4/15/13, at 1-3.

[7] Appellant's Rule 1925(b) statement, which was filed on September 3, 2013, did not comply with the trial court's directive to file a statement by September 2, 2013. However, the court's order requiring the filing of a Rule 1925(b) statement was issued on August 12, 2013, but was not served until

Preliminarily, we note that the Commonwealth has suggested that Appellant waived all arguments in this appeal due to a vague Pa.R.A.P. 1925(b) statement. Commonwealth's Brief at 13; **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001) (stating, "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.").

Appellant's Pa.R.A.P. 1925(b) statement reads, in relevant part:

> 1. Error occurred at both trial and sentencing where references were made to [Appellant's] supposed familiarity with the area, but no evidence had been presented regarding his familiarity with the road in question.
>
> 2. Error occurred at both trial and sentencing where references were made to [Appellant's] supposed anger, but no evidence was presented establishing such anger at the time of the incident in question.
>
> \*    \*    \*
>
> 4. Error occurred where the Trial Court and the jury were able to consider [Appellant's] failure to use a seat belt, but were not permitted to factor into their consideration the victims' failure to do so.
>
> 5. Error occurred where [Appellant] was convicted of various counts, including but not limited to, Homicide by

the following day, August 13th. Therefore, because September 3rd was the twenty-first day after August 13th, Appellant's Rule 1925(b) statement was timely filed. **See** Pa.R.A.P. 108(a)(1), (d)(1), 1925(b)(2).

Vehicle (DUI related), Aggravated Assault (DUI related), Homicide by Vehicle and Aggravated Assault, but there was no evidence as to what specifically caused the vehicle crash that led to the above charges.

\* \* \*

7. Error occurred where, incorporating the above, [Appellant] was convicted despite the fact that conviction was not supported by sufficient evidence.

Appellant's Pa.R.A.P. 1925(b) Statement ("Rule 1925(b) Statement"), 9/3/13, at 1-2.

Appellant presently argues that the evidence was insufficient to sustain his conviction for the summary offense of failing to use a restraint system. Appellant's Brief at 7. He concedes, however, that he did not specify this claim in his post-sentence motions, his brief in support of his post-sentence motions, or his Pa.R.A.P. 1925(b) statement. *Id.* at 13. Following our review, we are compelled to conclude that this argument was not preserved or fairly suggested in Appellant's Rule 1925(b) statement. *See* Rule 1925(b) Statement at 2. Accordingly, this argument is waived. *See* Pa.R.A.P. 1925(b)(4)(ii), (vii); *Commonwealth v. Fulton*, 921 A.2d 1239, 1242 n.7 (Pa. Super. 2007); *see also Commonwealth v. Spruill*, 80 A.3d 453, 461-62 (Pa. 2013) (distinguishing challenges to legality of conviction from non-waivable challenges to legality of sentence).

However, Appellant's Rule 1925(b) statement identified a sufficiency of the evidence issue with supplemental arguments that the Commonwealth did not prove he was familiar with the road, he was angry at his passengers, or

that his conduct was the cause of the accident. We further note that the trial evidence was straightforward. Moreover, although Appellant was charged with multiple offenses, the primary challenges to the homicide and aggravated assault by vehicle, whether or not involving a driving under the influence offense, were evident and not unduly complicated. **See** Trial Ct. Op. at 9 (noting while difficult to understand, Appellant's claim that there was no evidence as to what caused accident was belied by record evidence demonstrating "the cause of the accident was [Appellant's] operation of the vehicle at an excessive rate of speed when he was under the influence of alcohol").

We thus decline to find waiver under Pa.R.A.P. 1925(b)(4)(vii). **See Commonwealth v. Laboy**, 936 A.2d 1058, 1060 (Pa. 2007) (*per curiam*). Accordingly, we will consider Appellant's arguments the evidence was insufficient because it did not prove that he was familiar with the road, he was angry at his passengers, and he caused the accident.

> The standard of review for claims of insufficient evidence is well-settled. With respect to such claims, we consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of witnesses. The jury was free to believe all, part or none of the evidence. This Court may not weigh the evidence or substitute its judgment or that of the factfinder.

**Commonwealth v. Thur**, 906 A.2d 552, 568-69 (Pa. Super. 2006)

(citations omitted).

The crimes challenged by Appellant are defined as follows.

### § 3732. Homicide by vehicle

**(a) Offense.**—Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

75 Pa.C.S. § 3732(a).

### § 3732.1. Aggravated assault by vehicle

**(a) Offense.**—Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except section 3802 (relating to driving under influence of alcohol or controlled substance), is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S. § 3732.1(a).

### § 3735. Homicide by vehicle while driving under influence

**(a) Offense defined.**—Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death

75 Pa.C.S. § 3735(a).

**§ 3735.1. Aggravated assault by vehicle while driving under the influence**

   **(a) Offense defined.**—Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a).

Appellant's first two arguments, which we discuss collectively, focus on his convictions for homicide and aggravated assault by vehicle. Appellant states that in the criminal information filed against him, the Commonwealth "noted that an element of the[se] offense[s] was that Appellant was traveling a 'known road.'" Appellant's Brief at 10. He then avers, "There was literally no evidence that [he] was familiar with the road or had ever traveled upon that road." *Id.* Appellant also contends that while "references were made to [his] supposed anger," there was no evidence "establishing such anger at the time of the incident." *Id.* at 11.

Although Appellant suggests that knowledge of the road and anger at his passengers are "elements" of the offense, our review of Section 3732 and 3732.1 reveal no support for such a claim. Rather, the elements of homicide by vehicle are (1) causing the death of another (2) by acting recklessly or with gross negligence (3) while engaging in a violation of a law regulating the operation or use of a vehicle. 75 Pa.C.S. § 3732(a); *Commonwealth v. Matroni*, 923 A.2d 444, 446 (Pa. Super. 2007). The

aggravated assault by vehicle statute is nearly identical to the homicide by vehicle statute, but requires the Commonwealth to prove a defendant caused "serious bodily injury" to another rather than death. **Compare** 75 Pa.C.S. § 3732.1(a) **with** 75 Pa.C.S. § 3732. Because knowledge of the road or anger toward the victims are not elements of the offenses Appellant challenges, his present arguments are meritless.

Appellant's third argument focuses on his convictions for homicide and aggravated assault by vehicle while driving under the influence and the causation element of those offenses. Appellant's Brief at 13. Appellant asserts that the Commonwealth's case focused on excessive speed as a direct cause of the accident and failed to present evidence that his drinking caused the accident.

Both Sections 3735(a) and 3735.1(a) require the Commonwealth to prove that the driving under the influence violation caused death or serious bodily injury. 75 Pa.C.S. §§ 3735(a), 3735.1(a); **Commonwealth v. McCurdy**, 735 A.2d 681, 685 (Pa. 1999); **Commonwealth v. Ketterer**, 725 A.2d 801, 804 (Pa. Super. 1999). We have discussed causation as follows:

> "Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing the death." This is true even though "other factors combined with that conduct to achieve the result." .
> . . . .
>
> In order to impose criminal liability, causation must be direct and substantial. Defendants should not be

exposed to a loss of liberty based on the tort standard which only provides that the event giving rise to the injury is a substantial factor. Although typically the tort context refers only to substantial and not to direct and substantial as in the criminal context, the additional language in the criminal law does not provide much guidance. Therefore, criminal causation has come to involve a case-by-case social determination; *i.e.*, **is it just or fair under the facts of the case to expose the defendant to criminal sanctions. In other words, was the defendant's conduct so directly and substantially linked to the actual result as to give rise to the imposition of criminal liability or was the actual result so remote and attenuated that it would be unfair to hold the defendant responsible for it?**

In seeking to define the requirement that a criminal defendant's conduct be a direct factor in the death of another, the courts of this Commonwealth have held that "**so long as the defendant's conduct started the chain of causation which led to the victim's death, criminal responsibility for the crime of homicide may properly be found**."

*Commonwealth v. McCloskey*, 835 A.2d 801, 807-08 (Pa. Super. 2003) (citations omitted) (second emphasis added). "[I]t has never been the law of this Commonwealth that criminal responsibility must be confined to a sole or immediate cause of death." *Commonwealth v. Nicotra*, 625 A.2d 1259, 1263 (Pa. Super. 1993).

Here, the Commonwealth proffered evidence that Appellant had consumed several alcoholic drinks before driving, which caused his blood alcohol content to reach 0.138% within two hours of the crash. Moreover, the trial evidence, when reviewed in a light most favorable to the

Commonwealth, established that Appellant reached speeds over eight-five miles per hour on a two-lane, thirty-five mile per hour road. He ignored the request of his backseat passenger to slow down. He ultimately failed to negotiate a curve at over ninety miles per hour. In light of this evidence, we conclude that the jury could reasonably find that Appellant was operating his vehicle with an impaired judgment reflective of driving under the influence. Thus, because we find sufficient evidence for the jury to conclude that Appellant's intoxication started an "unbroken chain of causation leading directly to the accident[,]" no relief is due. *See Nicotra*, 625 A.2d at 1264.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014