J-A17011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE SLAVIN | : | No. 2405 EDA 2023 |

Appeal from the Order Entered August 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0022273-2022

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 4, 2024**

The Commonwealth of Pennsylvania appeals from the order denying its petition to refile a criminal charge of aggravated assault by vehicle while driving under the influence ("DUI") against Jamie Slavin ("Appellee").[1] We reverse and remand for further proceedings.

Shortly before 10:00 p.m. on December 22, 2022, Joyce Anne Haynes was crossing a multi-lane street when she was struck by Appellee's motor vehicle. At the time, Appellee's blood alcohol content ("BAC") was 0.198. While the testimony presented at the preliminary hearing did not clearly establish if Ms. Haynes had the right of way when she began crossing the street, an individual driving next to Appellee was able to slow down so as to avoid striking Ms. Haynes. Appellee, who a few minutes earlier had been

_____

[1] Appellee has declined to participate in these proceedings.

observed driving on the wrong side of the roadway, did not slow down or otherwise avoid Ms. Haynes. Rather, the collision launched Ms. Haynes onto the roof of Appellee's vehicle, where she remained for a short period of time before rolling off. She sustained serious injuries. Appellee immediately pulled to the side of the road after Ms. Haynes fell off but did not exit the vehicle.

Based on the foregoing, the Commonwealth charged Appellee with aggravated assault by vehicle while DUI, aggravated assault by vehicle, DUI, simple assault, and recklessly endangering another person. Following a preliminary hearing, the municipal court judge dismissed the two aggravated assault charges but bound the remaining counts over for trial. The Commonwealth sought to refile the dismissed charges. The court held a hearing on August 15, 2023, at which the Commonwealth decided to proceed solely on the charge of aggravated assault by vehicle while DUI. In support, it proffered the evidence and testimony from the original preliminary hearing. The trial court denied the petition to refile.

This timely notice of appeal followed. The Commonwealth complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement, and the trial court submitted in turn a Rule 1925(a) opinion. There is a single question posed for our consideration:

> Did the lower court err in ruling that the evidence was insufficient to establish a *prima facie* case of aggravated assault by vehicle while DUI, where the evidence established that [Appellee], with a [BAC] of 0.198, was driving the wrong way on a busy highway minutes before she drove into the victim and carried her until the victim fell off of her hood?

- 2 -

Commonwealth's brief at 4.

We review the sufficiency of the Commonwealth's *prima facie* case *de novo*. **See Commonwealth v. Sutton**, 313 A.3d 1071, 1074 (Pa.Super. 2024). In doing so, we are mindful of the following principles:

> The preliminary hearing is not a trial and serves the principal function of protecting the accused's right against an unlawful arrest and detention. At a preliminary hearing, the Commonwealth bears the burden of proving the *prima facie* case, which is met when it produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. The evidence supporting a *prima facie* case need not establish the defendant's guilt beyond a reasonable doubt, but must only demonstrate that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to proceed to a jury.

*Id*. (cleaned up). Further, the evidence from the preliminary hearing must be considered in the light most favorable to the Commonwealth:

> Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect at a preliminary hearing, and the evidence must be read in the light most favorable to the Commonwealth's case. The use of inferences is a process of reasoning by which a fact or proposition sought to be established is deduced as the logical consequence from the existence of other facts that have been established. The "more-likely-than-not" test, must be applied to assess the reasonableness of inferences relied upon in establishing a *prima facie* case of criminal culpability.

**Commonwealth v. Wroten**, 257 A.3d 734, 743 (Pa.Super. 2021) (cleaned up).

> A judge at a preliminary hearing is not required, nor is he authorized to determine the guilt or innocence of an accused; his sole function is to determine whether probable cause exists to require an accused to stand trial on the charges contained in the

complaint. An offense on which the Commonwealth has met its burden will be "held over" for trial; at the trial, of course, the Commonwealth's burden is to establish guilt beyond a reasonable doubt. The weight and credibility of the evidence are not factors at the preliminary hearing stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense.

***Commonwealth v. Perez***, 249 A.3d 1092, 1102 (Pa. 2021) (cleaned up).

Aggravated assault by vehicle while DUI is defined in the Vehicle Code as follows:

Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a). The legislature defined criminal negligence thusly:

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(4).

Here, the trial court denied the Commonwealth's petition to refile the charge of aggravated assault by vehicle while DUI because it found the Commonwealth failed to establish either causation or Appellee's *mens rea*: "[t]he evidence showed that [Appellee] was traveling through a green light and [Ms.] Haynes was crossing the street against a red traffic light, a violation of the motor vehicle code, when she was struck by [Appellee]'s vehicle." Trial

Court Opinion, 11/17/23, at 7-8. The court discounted testimony that Appellee had been driving on the wrong side of the road as evidence of her impairment because it happened several minutes before the collision. Instead, the court concluded that there was no evidence that Appellee's intoxication negatively affected her ability to drive immediately before striking Ms. Haynes, or that her drinking more likely than not caused the crash. To the contrary, the court determined that "[i]t is more likely than not that the action of [Ms.] Haynes crossing the street on a red traffic light at night after it had rained caused the accident and [Ms.] Haynes'[s] injuries." *Id*. at 8.

At the outset, insofar as the court precluded the Commonwealth from refiling based upon a finding that Ms. Haynes was at fault for the accident, the court palpably erred:

> The law is clear that a victim's contributory negligence, if any, is not a defense if the defendant's conduct was a direct and substantial factor in causing the accident. Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing the injury even though other factors combined with that conduct to achieve the result. As long as the defendant's conduct started the chain of causation which led to the victim's injuries, criminal responsibility may properly be found.

*Commonwealth v. Ketterer*, 725 A.2d 801, 805 (Pa.Super. 1999) (cleaned up).

Our review of the certified record reveals that the trial court considered the evidence in the light most favorable to Appellee, not the Commonwealth. Viewed properly, the Commonwealth presented sufficient evidence to

establish at the preliminary hearing that Appellee's intoxicated driving negligently caused serious bodily injury to Ms. Haynes. Fabian Olvera testified that he was driving next to Appellee before and until the time of the collision. He observed, "just a couple minutes earlier down the road" that Appellee "was driving on the wrong side of the road, so [he] tried to get as far away from her as possible." N.T. Preliminary Hearing, 3/22/23, at 15; *see also id*. at 16 (explaining that he witnessed her driving on the wrong side of the road "[a]bout five, seven minutes" before the accident). Despite his ambition, Mr. Olvera's vehicle remained in proximity with Appellee's until the time of the crash.

With regard to the collision itself, Ms. Haynes testified that shortly before 10:00 p.m., she "was crossing the street and the next thing [she] kn[e]w, [she] was on the ground." *Id*. at 8. Mr. Olvera explained that he "saw the light had turned green and [he] was crossing over and [he] did notice the lady crossing the street. So [he] slowed down" but Appellee "ended up hitting it and dragged her a couple feet." *Id*. at 16; *see also id*. at 15 (testifying that he "saw a lady crossing the street and the car next to [him, Appellee's car,] ended up hitting her"). On cross-examination, he agreed that the light would have been red for Ms. Haynes. *Id*. at 21. Ms. Haynes, meanwhile, recalled that the cars were stopped when she crossed the street, but she did not know whether the light was green or red. *Id*. at 12-13.

After Appellee struck Ms. Haynes, she landed on top of Appellee's vehicle and was carried for a short period of time before rolling off. *Id*. at 17. Upon

witnessing this, Mr. Olvera immediately stopped his vehicle, called 911, and attempted to render aid to Ms. Haynes. *Id*. at 17. Appellee stopped her vehicle but did not exit it. *Id*. at 21. Ms. Haynes suffered two broken legs, a broken finger, two broken ribs, and a broken collarbone, and remained wheelchair bound three months afterwards. *Id*. at 9-10. The parties stipulated that Appellee's BAC was 0.198. *Id*. at 24-25. Ms. Haynes and Mr. Olvera both testified that the street was wet from rain earlier. *Id*. at 11, 18.

Contrary to the trial court's finding, it is not patently clear that Ms. Haynes crossed the street when she did not have the right of way. Mr. Olvera believed, at the point he observed Ms. Haynes in the street, that he had the right of way and not Ms. Haynes. In other words, that he had a green light. However, Ms. Haynes testified that while she was unsure of the lights at the intersection, she began to traverse Delaware Avenue when the light directing traffic on Delaware Avenue was red and the cars on that road were stopped. *Id*. at 12. Although she agreed it was possible that she was crossing against the light, the evidence, read in the light most favorable to the Commonwealth, was that Ms. Haynes began crossing Delaware Avenue when the cars were stopped at a red light, and that the light changed to green as she continued to walk "pretty fast to get across the street." *Id*. at 13.

Again, the court refused to afford the Commonwealth all reasonable inferences. Applying the correct perspective, it was only reasonable to conclude, given that Appellee had been driving on the wrong side of the road shortly beforehand, that Appellee's intoxication restricted her ability to

appropriately respond to a pedestrian who was finishing crossing the street. After all, Mr. Olvera, who was sober, aware of his surroundings, and driving right next to Appellee, not only observed Ms. Haynes without issue but completely avoided hitting her merely by slowing down. **Accord Ketterer**, 725 A.2d at 803-04 (deeming it reasonable to infer that Ketterer was speeding despite the obvious adverse weather conditions because his BAC of 0.24% "diminished his ability to understand the weather conditions and hence, drive safely"). Appellee, meanwhile, struck Ms. Haynes, continued to drive for a short period with her atop the car, and refused to exit her vehicle to check on the person that she had just hit. At this stage in the proceedings, the Commonwealth submitted sufficient evidence that Appellee acted negligently by deciding to drive drunk, and that decision caused the injuries to Ms. Haynes.[2]

Based on the foregoing, we conclude that the court erred in denying the Commonwealth's motion to refile the charge of aggravated assault by vehicle while DUI. Accordingly, we reverse the trial court's order and remand for the charge of aggravated assault by vehicle while DUI to proceed to court.

_____

[2] We note that in explaining its ruling from the bench, the trial court told the Commonwealth that it "need[ed] additional evidence such as some type of expert testimony" to create a connection between Appellee's drunk driving and the injuries to Ms. Haynes. **See** N.T. Preliminary Hearing, 8/15/23, at 15. The court has not repeated this stringent requirement, possibly in recognition of this Court's prior holding that "the fact that drinking can impair the ability to drive safely is a matter of common knowledge." **Ketterer**, 725 A.2d at 803. Regardless, we observe that expert testimony in this regard is not required at a preliminary hearing where other testimony and reasonable inferences sufficiently establish the material elements, as was the case here.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/4/2024