J-A22012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN ANTHONY THOMPSON | |
| Appellant | No. 16 MDA 2016 |

Appeal from the PCRA Order December 22, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002146-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 22, 2016**

Shawn Thompson appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA").[1]  We affirm in part, reverse in part, and remand for further proceedings.

A jury found Thompson guilty of third degree murder and attempted robbery of a motor vehicle.[2]  On June 17, 2013, the court sentenced Thompson to 20-40 years' imprisonment for third degree murder and a consecutive term of 5-10 years' imprisonment for attempted robbery of a motor vehicle.  On July 23, 2014, this Court affirmed on direct appeal.  On

_____

[1] 42 Pa.C.S. § 9541 *et seq*.

[2] 18 Pa.C.S. §§ 2502(c) and 901, respectively.

February 5, 2015, our Supreme Court denied Thompson's petition for allowance of appeal.

On April 20, 2015, Thompson filed a timely PCRA petition. The court appointed PCRA counsel. On August 5, 2015, counsel filed a "no merit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 214 (Pa.Super.1988), and **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988), and requested leave to withdraw from the case. Counsel's "no merit" letter and motion to withdraw did not mention an issue that we find critical to the outcome of this case – the trial court's failure to define "intent", an element of the offense of attempted robbery of a motor vehicle.

On November 30, 2015, the court granted counsel leave to withdraw and entered a notice of intent to dismiss without a hearing. On December 22, 2015, the court dismissed Thompson's PCRA petition. Thompson filed a timely notice of appeal, and both Thompson and the PCRA court complied with Pa.R.A.P. 1925.

Thompson raises the following issues in this appeal, which we have renumbered for purposes of disposition:

1. Whether the trial court erred when it charged the jury with a defective reasonable doubt instruction.

2. Whether the trial court erred when it failed to correctly instruct the jury on all elements of the offense of criminal attempt robbery of a motor vehicle as required for a verdict of guilty or not guilty beyond a reasonable doubt.

3. Whether the trial court erred when its instruction on malice as it relates to third degree murder … was defective for failing to

include the language 'not simply meaning hatred, spite, or ill will' as a whole regarding the definition of malice.

4. Whether trial counsel was ineffective for failing to object to the faulty jury instructions.

5. Whether the trial court erred as a matter of law and abused its discretion when it denied Appellant's PCRA Petition without a hearing.

Brief For Appellant, at 5. In effect, Thompson contends that trial counsel was ineffective for failing to object to the jury instructions referenced in his first, second and third issues above.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super.2011). "The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa.2005).

Further, counsel is presumed effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa.Super.2013). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa.2002). An appellant must demonstrate

that:(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa.2001), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa.2002). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Jones*, 815 A.2d at 611.

> When we review jury instructions, we
>
> will not review a charge to the jury by focusing on one or two words taken out of the context within which they were spoken. When evaluating the adequacy of jury instructions, the charge must be read in its entirety. Error cannot be predicated on isolated excerpts of the charge; it is the general effect that controls.

*Commonwealth v. Murphy*, 739 A.2d 141, 146 (Pa.1999). "The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. Smith*, 17 A.3d 873, 906 (Pa.2011). "Merely because the trial court did not choose the precise language suggested by Appellant does not render the charge inadequate." *Commonwealth v. Koehler*, 36 A.3d 121, 157 (Pa.2012). A review of jury instructions will not turn on the presence or absence of "magic words". *Commonwealth v. Montalvo*, 986 A.2d 84, 99 (Pa.2009).

In his first issue on appeal, Thompson argues that the jury instruction on reasonable doubt was defective. Examination of Thompson's brief shows that he does not actually object to the instruction on reasonable doubt but to the instructions on the elements of the charges against him (attempted robbery of a motor vehicle and third degree murder). Brief For Appellant, at 12-14. In any event, the instruction on reasonable doubt, N.T. 249-251, mirrors the language used in Pennsylvania's Standard Jury Instructions and is consistent in every respect with language that our Supreme Court deems acceptable. **See Commonwealth v. Cook**, 952 A.2d 594, 633-34 (Pa.2008) (collecting cases). Thus, this issue lacks arguable merit.

In his second issue, Thompson contends that the trial court erred by failing to instruct the jury on all elements of the offense of attempted robbery of a motor vehicle. We conclude that this issue has arguable merit due to the trial court's failure to charge the jury on the meaning of "intent".

The failure to adequately define and explain a felony or serious misdemeanor constitutes fundamental error. **Commonwealth v. Johnson**, 211 A.2d 100, 104 (Pa.Super.1965). The absence of an instruction on the applicable *mens rea* requirements warrants a new trial. **Commonwealth v. Ketterer**, 725 A.2d 801, 807 (Pa.Super.1999).

The Crimes Code provides: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

Moreover, the Crimes Code provides that a person acts "intentionally" with respect to a material element of an offense:

> when: (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

18 Pa.C.S. § 302(b)(1). Pennsylvania's Suggested Standard Jury Instructions provide a different definition of intent in its instruction on attempt: "A person cannot be guilty of an attempt to commit a crime unless he … has a firm intent to commit that crime. If he … has not definitely made up his … mind – if his … purpose is uncertain or wavering – he … lacks the kind of intent that is required for an attempt." SSJI 12.901A(5). It is clear from these definitions that "intent" has a specialized meaning under the law which the jury must learn in order to decide the issue of "attempted" robbery.

Here, the court instructed the jury that attempt requires intent, N.T. at 258, but failed to provide the definition of "intent" within section 302(b)(1) or SSJI 12.901A(5). This fundamental defect may entitle Thompson to a new trial on the charge of attempted robbery of a motor vehicle.

*Ketterer* provides a useful analogy to this case. There, the defendant was charged with aggravated assault by vehicle while driving under influence, which the Vehicle Code defines as an assault "negligently" committed. 75 Pa.C.S. § 3735.1. The trial court failed to instruct the jury

- 6 -

as to the meaning of "negligently" under section 302(b)(4), a stricter definition than the definition of negligence under tort law. *Ketterer*, 725 A.2d at 806-07; *see also* 18 Pa.C.S. § 302(b)(4) ("[a] person acts negligently ... when he should be aware of a substantial and unjustifiable risk ... [that is] of such a nature and degree that the actor's failure to perceive it ... involves a *gross deviation* from the standard of care that a reasonable person would observe in the actor's situation") (emphasis added). We held that the lack of a negligence instruction under section 302(b)(4) "permit[ed] the jury to convict Appellant upon a showing of ordinary negligence," an error that required a new trial. *Ketterer*, 725 A.2d at 807.

The present case involves much the same error as in *Ketterer*. Merely stating that Thompson must act with "intent," as the trial court did here, improperly permitted the jury to apply its own lay understanding of "intent" to the evidence. Thus, we agree with Thompson that the court's failure to define the element of intent has arguable merit.

But because the court did not hold a hearing on Thompson's PCRA petition, we find that further proceedings in the lower court are advisable. The lower court should have the opportunity to determine in the first instance whether Thompson fulfills the other two prongs of the test for ineffectiveness, i.e., whether the course of conduct pursued by counsel lacked any reasonable basis, and whether counsel's ineffectiveness

prejudiced Thompson. *Pierce*, 786 A.2d at 213. We remand this case for an evidentiary hearing on these issues.

Thompson's third argument challenges the instructions that the court used to define the charge of third degree murder. According to Thompson, the trial court failed to instruct the jury that malice, an element of third degree murder, must include "hatred, spite or ill will." We disagree.

Third degree murder "occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice." *Commonwealth v. Truong*, 36 A.3d 592, 597 (Pa.Super.2012) (*en banc*). This Court has defined "malice" as:

> wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured[.] Malice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury. Malice may be inferred by considering the totality of the circumstances.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1219 (Pa.Super.2011). Nothing in this definition requires the court to include the terms "hatred, spite or ill will". Therefore, this claim lacks arguable merit.

In Thompson's final two arguments, he claims that trial counsel was ineffective for failing to object to faulty jury instructions, and that the trial court erred in denying his PCRA Petition without a hearing. We have addressed these arguments above in the course of resolving Thompson's first, second and third arguments. We agree with Thompson that an

- 8 -

evidentiary hearing is necessary to address whether he is entitled to relief on his conviction for attempted robbery of a motor vehicle due to ineffective assistance of trial counsel. Otherwise, we conclude that Thompson is not entitled to relief.

Order affirmed with regard to conviction for third degree murder. Order reversed with regard to conviction for attempted robbery of motor vehicle. Case remanded for evidentiary hearing, consistent with this memorandum, as to Thompson's claim of ineffective assistance of counsel claim on conviction for attempted robbery of motor vehicle. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016